**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket Number: 10 CR 651 – 02 |
|     Plaintiff, | ) | |
| | ) | Presiding Judge: |
| v. | ) | The Honorable James B. Zagel |
| | ) | |
| ALFRED GEREBIZZA, *et. al.*, | ) | |
|     Defendants. | ) | |

**ALFRED GEREBIZZA'S POSITION PAPER
REGARDING THE PROPOSED RULE 15
<u>DEPOSITION OF ISAAC LEGAIR</u>**

    ALFRED GEREBIZZA'S COUNSEL, PAÚL CAMARENA, RESPECTFULLY SUBMITS this position paper regarding the Government's proposed Rule 15 Deposition of Isaac Legair.

    The Government proposes that the parties depose witness Isaac Legair in St. Vincent and the Grenadines. The Government also submits that Mr. Gerebizza should participate only via video conference while he is at the Chicago Metropolitan Correctional Center because the Government is unable to secure Mr. Gerebizza in St. Vincent and the Grenadines.

    Mr. Gerebizza's counsel proposed that the parties seek to depose Witness Legair in the United Kingdom because the Government may be better able to secure Mr. Gerebizza in the U.K. and because Legair is a British citizen, a U.K. barrister and a U.K. chartered certified accountant. However, although the U.K.'s "Crime (International Co-operation) Act 2003" provides that U.S. litigants may compel U.K. subjects to submit to a deposition, the U.K. Act requires that the U.S. litigants serve the U.K. subject within the U.K[1]. Thus, Mr. Gerebizza's counsel would submit that the parties can not depose Legair in the U.K. because the parities would not be able to serve Legair in the U.K., as Legair does not work or reside there.

    The Government correctly notes that Mr. "Gerebizza's attorney has not

---

[1] The U.K. Crime (International Co-operation) Act 2003, Part 1, Chapter 1, Paragraph 3(5) – (6) ("If process requiring a person to … attend as a witness is served outside the United Kingdom, no obligation to comply … is issued. … Accordingly, failure to comply with the process does not constitute contempt of court and is not a ground for issuing a warrant to secure [ ] attendance of the person").

taken a position either way on Gerebizza's behalf on the narrow issue of whether Gerebizza consents to the transfer in custody."  Mr. Gerebizza's attorney can only report that defense counsel does not know whether Mr. Gerebizza would consent to the transfer or would waive attendance, and Mr. Gerebizza's attorney can not consent or waive on behalf of Mr. Gerebizza.

>Respectfully submitted,
>Alfred Gerebizza's Counsel
>/s/ Paúl Camarena
>Paúl Camarena, Esq.
>500 S. Clinton, No. 132
>Chicago, IL 60607
>PaulCamarena@PaulCamarena.Com
>(312) 493-7494
>(312) 602-4945 (facsimile)