# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 CR 651 |
| ) | |
| DANIEL SPITZER and ) | |
| ALGRED GEREBIZZA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER ON MOTIONS TO DISMISS CLAIM OF JUDY SPITZER AND PETITION FOR REMISSION OF SHIRLEY GEREBIZZA

Back in 2014, when this case was pending before Judge James Zagel (since retired), Daniel Spitzer pled guilty and Alfred Gerebizza was found guilty on fraud charges. In January 2015, Judge Zagel sentenced Spitzer to a 25 year prison term, and in March 2016 he sentenced Gerebizza to a 20 year term. Both sentences included forfeitures of the defendants' interests in property: for Spitzer, property in North Barrington, Illinois, and for Gerebizza, property in Phelps, Wisconsin. The two defendants' spouses have filed claims in connection with the forfeitures. The government has moved to dismiss both claims as untimely.

1.  **Judy Spitzer's claim**

The judgment against Spitzer, entered on the docket on March 5, 2015 although the sentencing took place in late January 2015, included a preliminary order of forfeiture. Dkt. no. 325. Spitzer was ordered to forfeit $34,000,000. The preliminary order of forfeiture identified the North Barrington property as a substitute asset available

to partially satisfy the forfeiture judgment and forfeited Spitzer's interest in the property to the United States. The order also directed the government to publish notice of the order and its intent to dispose of the property and to give notice to, among others, Spitzer's wife Judy Spitzer.

On May 21, 2015, the government filed a motion for a final order of forfeiture. The motion stated that notice of the forfeiture had been served on Judy Spitzer, though it did not provide the date of service. The motion further stated that no claims had been filed other than a claim by Lake County for delinquent property taxes and that the time for filing claims had expired.

The same day that the government filed the motion—May 21, 2015—Judy Spitzer (the Court will refer to her as Judy) filed a verified claim to the property and a statement that she opposed its forfeiture. On May 26, the government moved to dismiss Judy's claim, arguing that it was untimely. The government stated that Judy had received direct notice on March 14, making her claim due no later than April 13, 2015, 30 days later. Her claim, filed on May 21, was 38 days too late. The government noted that Judy's May 21 filing alleged that she had served the claim on April 29; the government stated that there was no evidence to support this and that April 29 would have been too late anyway.

The government noticed its motion to dismiss for presentment on June 2, 2015, but on June 1, Judge Zagel struck the hearing date, stating that he would issue an order with a new hearing date. This did not happen, however, and the government did not press the matter at that time. On July 21, the government filed an amended motion for a final order of forfeiture, noting that its original motion (filed on May 21) was defective

2

because it omitted a financial institution that had been served notice of the forfeiture. The government did not notice the amended motion for presentment in court, and Judge Zagel did not set a briefing schedule until about six weeks later, on September 2, 2015, when he ordered a response by September 24 and a reply to the response by October 22.

After an extension, Judy filed her response on October 8, including exhibits supporting her claim to the property. In this response, counsel represented that Judy had prepared a verified claim on April 29, 2015 but that "due to an apparent e-filing mishap," it was not filed until May 21. Judy averred that the court "has the jurisdiction and discretion to review [the claim and exhibits] and grant a hearing regarding Mrs. Spitzer's legitimate claim to the property." Dkt. no. 381 at 2.

The government replied on October 30, 2015, arguing that even if Judy had filed her claim on April 29 it would have been untimely and asking the court to overrule the objection and issue a final order of forfeiture. The government also argued that the documents accompanying Judy's response did not support her claim that she is the sole owner of the North Barrington property, as the documents reflected that the property is held in a trust with two beneficiaries (a topic to which the Court will return shortly).

In the interim, litigation proceeded regarding a citation to discover assets served by the government on Judy, by which the government sought to locate assets belonging to Spitzer on which it could levy to collect on a $34 million restitution judgment (a separate matter from the forfeiture). That litigation ended in or about January 2016. Judge Zagel did not, however, issue a ruling on the motion to dismiss Judy's claim to the North Barrington property either before or after that. Rather, the matter remained

3

pending, and the government did not press for a ruling at the time.

Judge Zagel assumed senior status in October 2016. In February 2017, the case was reassigned to the undersigned judge. The government filed a status report in which it noted the pendency of the motion to dismiss Judy's claim as untimely. Dkt. no. 457 at 2. This Court, however, unfortunately let the matter sit as well, instead focusing on Spitzer's then-recently-filed motion under 28 U.S.C. § 2255 and on matters relating to co-defendant Gerebizza. The government brought the present matter to the Court's attention (along with the matter of Gerebizza's forfeiture, discussed below) via a request for status filed in August 2018. The Court set a schedule on the government's motion to dismiss a claim by Gerebizza's spouse but did not rule on the Spitzer matter. The government has now filed another request for a status. The Court apologizes for its inattention to the matter.

A court may dismiss an untimely claim to property that is subject to forfeiture. *See United States v. Grossman*, 501 F.3d 846, 850 (7th Cir. 2007). Judy's claim is untimely by a little over five weeks, and as the government points out it would have been untimely by about two weeks even if filed on the date of the alleged electronic filing mishap. The question here, though, is whether a court *must* dismiss an untimely claim. The government cites no authority on this point, aside from citing a case in which a court permitted a late claim due to inadequate notice. *See United States v. Estevez*, 845 F.2d 1409, 1411 (7th Cir. 1988). Judy has cited no authority at all.

*Estevez* suggests that the Court has at least some discretion in this area. In that case, a final judgment of forfeiture had been entered, and the claimant sought to vacate it. The Court applied Rule 60(b) of the Federal Rules of Civil Procedure and found

4

excusable neglect sufficient to warrant vacating the judgment and submitting a late claim. *Id.* Notably, the Court cited the fact that the claimant had a "meritorious defense" to the forfeiture action. *Id.*

The present matter had not gotten anywhere close to being as far along as *Estevez* by the time Judy asserted her claim. There was no final order of forfeiture; rather there was only a preliminary order. If the Rules of Civil Procedure apply in this context—and under *Estevez*, they appear to—the relevant or at least analogous rule is Rule 55(c), which, by its title, concerns "setting aside a default or a default judgment." Under that rule, a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). *Estevez* involved setting aside a judgment, so Rule 60(b) applied. But here there is no judgment. Rather, what happened is the equivalent of the filing of a late answer to a complaint in a civil case, leading to an order of default (though here, not even that happened). Under Rule 55(c), "good cause" permits setting aside of a default—or, in this case, allowing Judy's late answer.

The Court concludes that good cause sufficiently exists. The criminal judgment against Spitzer forfeited only his interest in the property. The document attached to Judy's claim reflect that she is the trustee of a trust that she established in 1999 and that, it appears, owns the North Barrington property. Specifically, the property appears to have been conveyed to Judy, in her capacity as trustee, in late 1999 or early 2000. The trust document reflects that the trust was for the benefit of Judy and Daniel Spitzer, but that although they had no children at the time the trust was established, "it is the Grantor's intent to have children in the future" and name them as beneficiaries. In

5

September 2010, Judy executed a document removing Daniel Spitzer as a beneficiary and replacing him with their son Hunter Spitzer. Based on these documents, it appears that Judy has at least a facially legitimate claim to the property, in her capacity as trustee of the trust that holds title.

The government takes issue with the apparent contention that Judy is the sole owner of the property, but that is largely a matter of semantics. The property is owned by a trust of which Judy is the trustee. As a basic matter of trust law, she is the person with the authority to take actions to protect the corpus of the trust. Thus she had an interest that permits her to a file a claim.

More significantly, if Judy's contentions are correct, then the trust, which she controls on behalf of the beneficiaries, has sole ownership of the North Barrington property, and Daniel has no ownership interest, indeed not even a beneficial interest as of September 2, 2010. The Court assumes that the government may be able to assert a claim to the property despite its ownership by a trust controlled by Judy, perhaps on the basis that the property was purchased with proceeds of Spitzer's crimes or on some other basis, but allowing forfeiture due to Judy's late claim would elevate a rather modest timeliness defect over a facially legitimate claim of ownership by the property's title holder. The Court does not believe that it lacks the authority to avoid an outcome that would elevate form over substance. It is a "fundamental tenet of justice" that resolution of cases on their merits is favored over deciding them based on defaults or missed deadlines. *See Schilling v. Walworth Cty. Park & Planning Comm'n*, 805 F.2d 272, 273 (7th Cir. 1986). The government does not suggest that the property has suffered damage or has even lost value due to Judy's slightly delayed claim or that it

6

has been otherwise prejudiced by the delay. The Court concludes that there is good cause permitting the Court to allow Judy's late claim and proceed to determination of the matter on the merits. The Court therefore denies the government's motion to dismiss. *See also United States v. Stells*, No. 14-16-DLB-CJS-01, 2016 WL 489522, at *3 (E.D. Ky. Jan. 19, 2016) (court has discretion under § 853(n) to allow late filing of a claim).

2. **Shirley Gerebizza**

Alfred Gerebizza, like Spitzer, is subject to a $34 million forfeiture judgment. Property in Phelps, Wisconsin was designated in the preliminary order of forfeiture as a substitute asset to partially satisfy the judgment. The government published notice of the criminal forfeiture and also served notice directly to Gerebizza's spouse, Shirley Gerebizza (hereafter Shirley). She received the notice on May 6, 2016. That meant that she was required to file a petition to adjudicate the validity of her interest in the property by June 5, 2016. On June 7, 2016—two days late—Shirley filed a petition for remission or mitigation of the forfeiture, claiming that she is the lawful owner of the property and has a legal claim to it.

The government did not take any action to pursue the matter until its August 1, 2018 status report that identified Shirley's petition as a pending matter. The next day, August 2, 2018, the government filed a motion seeking dismissal of Shirley's petition as untimely. The Court set a schedule on the government's motion a few days later. Shirley has not responded to the motion to dismiss, but in fairness, nothing in the record reflects that notice of the briefing schedule was ever sent to her.

Shirley's petition is accompanied by a sworn statement in which she states that

she and Gerebizza jointly purchased the property in June 1996 and that Gerebizza "fraudulently transferred title" to a separate entity (owned by Gerebizza and Daniel Spitzer) in October 1997 without her knowledge and consent, forging her signature on the documentation to effectuate the transfer. It appears that Spitzer than caused the property to be transferred in 2000 to an entity called ARG Family Limited Partnership. In 2002, it was transferred by Gerebizza, on the partnership's behalf, to Kenilworth Partnership, which in turn transferred it to Calvary Corp., Inc. in 2003. Shirley alleges on information and belief that Gerebizza is the controlling member of each of these entities.

The discussion regarding Judy Spitzer's claim largely controls Shirley Gerebizza's. She asserted her interest only two days late; she asserts a legitimate claim to the property; and allowing dismissal of her claim would permit the government to take the property free and clear of her claim, which could work a substantial injustice. The government does not allege any prejudice by the two-day-late filing. The Court finds good cause to excuse the late filing and therefore denies the motion to dismiss.

## Conclusion

For the reasons stated above, the Court denies the government's motion to dismiss Judy Spitzer's claim and its motion to dismiss Shirley Gerebizza's petition for remission [dkt. nos. 348, 350, 505]. The Court also directs the clerk to terminate as moot the government's motion for a status report [dkt. no. 512] and various other motions that were filed before Judge Zagel and adjudicated but never terminated as pending motions [dkt. nos. 346, 383, 404]. The hearing date on the motion for status is likewise vacated. The matter will proceed to determination of the two claims/petitions

on their merits.  The Court advises Ms. Spitzer and Ms. Gerebizza that although it has excused their late filings, they must participate diligently in further proceedings before the Court.  If they do not do so, the Court will not hesitate to find them to have defaulted or forfeited their claims.  The case is set for a status hearing on February 21, 2019 at 9:30 a.m., in Judge Kennelly's courtroom (Room 2188).  Both Judy Spitzer and Shirley Gerebizza, or attorneys with appearances on file for them, must appear in court at that time.  The government is directed to send notice of the hearing and a copy of this order to both Judy Spitzer and Shirley Gerebizza at their current addresses, as well as to Judy Spitzer's counsel of record Beau Brindley and the attorney who submitted the petition for remission on Shirley Gerebizza's behalf.

Date:  January 22, 2019

_____
MATTHEW F. KENNELLY
United States District Judge